MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
JEFFREY GALLIHER, ESQ.
Nevada Bar No. 8078
GANZ & HAUF
8950 W. Tropicana Ave, Suite 1
Las Vegas, Nevada 89147
Tel: (702) 598-4529
Fax: (702) 598-3626
*Attorneys for Plaintiff*

-o0o-

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD HUMES, | CASE NO.: 2:17-cv-01778-JAD-PAL |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND UNFAIR CLAIMS PRACTICES UNDER NRS 686A.310** |
| ACUITY, A MUTUAL INSURANCE COMPANY, a foreign corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendants. | |

COMES NOW Plaintiff DONALD HUMES, by and through his attorneys of record, MARJORIE HAUF, ESQ. and JEFFREY L. GALLIHER, ESQ. of GANZ & HAUF, hereby submits his *Motion to Amend Complaint to Add Breach of the Implied Covenant of Good Faith and Fair Dealing and Unfair Claims Practices Under NRS 686A. 310.*

…

…

…

…

This Motion is based on the following Memorandum of Points and Authorities, the attached exhibits, all pleading and documents on file, and any oral argument adduced by this Court at the time of hearing of this matter.

Dated this ___9___ day of April, 2018.

GANZ & HAUF

_____
MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
JEFFREY GALLIHER, ESQ.
Nevada Bar No. 8078
8950 W. Tropicana Ave, Suite 1
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Years ago, Plaintiff Donald Humes purchased a motor vehicle insurance policy from Defendant ACUITY, which included uninsured/underinsured motorist coverage, with policy limits of $1,000,000. The same policy included medical payments coverage with policy limits of $5,000, applicable to the subject motor vehicle accident. While the policy was in force, Plaintiff was involved in a motor vehicle collision with an uninsured and/or underinsured motorist and sustained serious injuries. On or about October 2, 2015, counsel for the Plaintiff made a time limit demand on Acuity in the amount of $250,000, well within the available policy limits. Plaintiff provided all of his medical records, bills, and treatment related to the subject crash to Acuity. He further provided executed authorizations for release of information with the names of his treaters both prior to and after the crash, allowing Acuity to obtain any records deemed necessary to the evaluation of Mr. Humes' claim. Mr. Humes also submitted medical bills to Acuity for payment under his medical payments coverage. To date, Acuity has refused, delayed, and failed to evaluate

Plaintiff's claims, and failed to tender any payments owed to Plaintiff under the insurance contract. Therefore, Plaintiff filed his Complaint on May 5, 2017, alleging a breach of contract claim against Acuity.

Plaintiff now seeks leave of this this Court to amend his Complaint to add a claim for breach of the implied covenant of good faith and fair dealing and statutory unfair claims practices. Contrary to the Nevada Supreme Court's long standing holding as fully explained below, in a recent case U.S. District Court Judge Andrew Gordon recently ruled that any conduct that pre-dates the filing of a breach of contract claim against an insurer may not be used as evidence of insurance bad faith, a tort claim, in a subsequent lawsuit based upon the doctrine of claim preclusion (or res judicata). *Searcy v. Esurance Ins. Co.*, 243 F. Supp. 3d 1146, 1151 (D. Nev. 2017), attached herein as **Exhibit 1**. Regardless of the wisdom of the ruling, Judge Gordon's order, if adopted, could substantially limit Plaintiff's opportunity to bring and prove his tortious bad faith claims against Acuity in a subsequent lawsuit.

As such, Plaintiff should now be allowed to amend his Complaint under FRCP 16(b), FRCP 15(a), and/or FRCP 15(b). Specifically, good cause exists under FRCP 16(b) to modify the scheduling order because the intervening law potentially created in *Searcy* warrants such an amendment. *See Nutton v. Sunset Station, Inc.*, 131 Nev. Adv. Op. 34, 357 P.3d 966, 971–72 (Nev. App. 2015); *see also, U.S. Sec. & Exch. Comm'n v. Big Apple Consulting USA, Inc.*, No. 609CV1963ORL28GJK, 2011 WL 13143143, (M.D. Fla. Dec. 29, 2011) ("*Janus* constitutes an intervening change in law, and the SEC has shown good cause to amend its complaint." *Janus Capital Group., Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011)).

In addition, given the potential that a ruling in agreement with *Searcy* may potentially foreclose Plaintiff's chances to pursue his rights granted under common law and statutory authority, justice requires that this Court allow Plaintiff to amend his Complaint under FRCP

15(a). The proposed amendment would not be "futile" based on the facts developed during discovery as set forth below. *Id.*

Alternatively, and independently, this Court has discretion to amend the pleading <u>at any time</u> to confirm to the evidence under FRCP 15(b). Ultimately, allowing Plaintiff to amend his complaint in this case will achieve the firmly established policy to have each case decided upon its merits, which best serves justice. *Hotel Last Frontier Corp. v. Frontier Properties, Inc.*, 79 Nev. 150, 155, 380 P.2d 293, 295 (1963). Therefore, this Court should grant Plaintiff leave to amend the Complaint. *See* Proposed Amended Complaint, attached herein as **Exhibit 2**.

## II.  STATEMENT OF FACTS

Plaintiff purchased a motor vehicle insurance policy from Acuity, which includes $1,000,000 in UM/UIM coverage per crash. While the policy was in force, he was involved in a motor vehicle collision with an uninsured and/or uninsured motorist. On April 6, 2013, Plaintiff was rear-ended in a crash that resulted in serious bodily injuries to Plaintiff's cervical and lumbar spine. The crash resulted in multiple spine injections and other related medical expenses in excess of $72,249.29, and recommendations for future medical procedures in excess of $67,964.28 per year. The culpable party resolved their claims with Plaintiff for their liability insurance policy limits of $100,000. Plaintiff has provided Acuity with all his medical records, bills, and treatment related to the subject crash, as well as a time-limit demand for an amount well within the policy limits. To date, Defendant has refused, delayed, and failed to properly evaluate Plaintiff's claim, and failed to tender any payments owed to Plaintiff under the insurance contract.

The following deadlines are currently in effect in this case:

- Amended Pleadings/Add parties:   March 6, 2018
- Discovery cut-off:   June 6, 2018
- Dispositive Motions:   July 6, 2018
- Joint pre-Trial Order:   August 6, 2018

This case has thus far strictly proceeded as only a breach of contract claim against Acuity. However, recently, Counsel became aware of Judge Gordon's order in *Searcy* where he ruled any conduct that pre-dates the filing of a breach of contract claim against an insurer <u>cannot be used as evidence</u> of a tortious bad faith claim, in a subsequent lawsuit pursuant to the doctrine of *res judicata*. *Id.* at 1151 (emphasis added); *See* **Exhibit 1**. In perhaps an abundance of caution, that recent order compelled Plaintiff to file the instant motion.

### III.  ARGUMENT

While the deadline to amend pleadings has expired in this case, Plaintiff should nevertheless be allowed to amend his Complaint because *Searcy* potentially created intervening law that Counsel only recently became aware of, and the amendment will therefore allow Plaintiff a chance to adjudicate his rights under common or statutory law on its merits. A party seeking leave to amend a pleading under FRCP 15(a) after a deadline set under FRCP 16(b) has already passed must show good cause under FRCP 16(b), and the proposed amendment is not "futile" under FRCP 15(a). *Nutton*, 131 Nev. Adv. Op. 34, 357 P.3d at 971–72.

#### A. Good Cause Exists Under FRCP 16(b) Because *Searcy* Created Unexpected Intervening Law that Was Not Discovered Until Recently.

In determining whether "good cause" exists under Rule 16(b), the basic inquiry for the trial court is whether the filing deadline cannot reasonably be met despite the diligence of the party seeking the amendment. *Id.*, citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.2 (2010).

The Nevada Court of Appeals in *Nutton* has identified four non-exclusive factors that may aid in assessing whether a party exercised diligence in attempting, but failing, to meet a deadline: (1) the explanation for the untimely conduct, (2) the importance of the requested untimely action, (3) the potential prejudice in allowing the untimely conduct, and (4) the availability of a continuance to cure such prejudice. *Id.*

The *Nutton* Court, however, emphasized that of the four factors, the first (the movant's explanation for missing the deadline) is by far the most important and may in many cases be decisive by itself. *Id.*, citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification"); *see also*, *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F.Supp.2d 453, 457 (S.D.N.Y.2012) ("A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.")

In this case, there is a justifiable reason for the requested amendment that constitutes good cause under FRCP 16(b). While *Searcy* came down approximately three (3) month prior to the deadline to amend pleadings, Counsel did not become aware of the order until recently, largely because such ruling was not expected. Specifically, as this Court is well aware, *Searcy* is contrary to the Nevada Supreme Court's long-standing holding that the doctrine of *res judicata* does not bar a plaintiff's subsequent case against an insurance company for breach of the covenant of good faith and fair dealing because the issue decided on the merits in the breach of the contract claim in the prior litigation is not the same issue that is presented in the second case. *Pulley v. Preferred Risk Mut. Ins.* Co., 111 Nev. 856, 858–59, 897 P.2d 1101, 1103 (1995) (citing *United States Fidelity & Guaranty Co. v. Peterson,* 91 Nev. 617, 620, 540 P.2d 1070, 1071 (1975)); *see also, Pemberton v. Farmers Ins. Exchange,* 109 Nev. 789, 858 P.2d 380, 383-84 (Nev.1993) ("legal entitlement" to recovery required before bad faith claim can be brought in UM case).

As such, it has been the customary practice in the community that the parties litigate a breach of contract claim, then proceed with a subsequent lawsuit under tortious or statutory bad faith claims, if appropriate. Accordingly, counsel was neither aware of *Searcy* nor had any reason to suspect the long standing customary practice in the community may be affected by an

intervening law as in *Searcy* until recently when *Searcy* was discovered during unrelated legal research. Therefore, there is no lack of diligence in this case.

The second factor, the importance of this untimely action, supports the existence of good cause under FRCP 16(b). Regardless of the wisdom of the ruling, *Searcy* potentially limits Plaintiff's opportunity to bring and prove his tortious or statutory bad faith claims against Acuity in a subsequent lawsuit. The requested amendment will afford Plaintiff a chance to protect his rights under common or statutory law on its merits which best serves justice. Therefore, good cause exists under FRCP 16(b) to modify the scheduling order.

### B. FRCP 15(a) Permits the Proposed Amendment Because the Proposed Complaint Would Not be "Futile" and It Will Afford Plaintiff a Chance to Vindicate his Rights under Tort Law and Statute on Its Merits.

In addition to good cause under FRCP 16(b), the facts in this case show that Plaintiff's proposed Complaint would not be "futile" under FRCP 15(a); and, therefore, leave to amend should be granted to afford Plaintiff a chance to adjudicate his rights under common or statutory law on its merits. Under FRCP 15(a), even if leave to amend were timely sought, a trial court need not accommodate the proposed amendment if it would be "futile." *Nutton*, 131 Nev. Adv. Op. 34, 357 P.3d at 973. A proposed amendment may be deemed futile if the plaintiff seeks to amend the complaint in order to plead an impermissible claim, such as one which would not survive a motion to dismiss under FRCP 12(b)(5) or a "last-second amendment alleging meritless claims in an attempt to save a case from summary judgment." *Id.*, citing *Soebbing v. Carpet Barn, Inc.*, 109 Nev. 78, 84, 847 P.2d 731, 736 (1993). The *Nutton* Court further explained that, "ultimately the exception is intended to disallow an amendment if such amendment will inevitably be a waste of time and recourses on which the party has <u>no realistic chance of prevailing on at trial</u>. *Id.*

In the present case, Plaintiff is not seeking to amend his Complaint to avoid an FRCP 12(b)(5) motion or to save the case from summary judgment. Rather, the amendment is sought to

preserve Plaintiff's rights under tort law and statutes in light of an unexpected, potentially intervening law that was discovered recently.

Further, Plaintiff's anticipated causes of actions for tort law and statutory bad faith claims against Acuity have a chance of prevailing on at trial under the Nevada law. "Bad faith is established where the insurer <u>acts unreasonably and with knowledge that there is no reasonable basis for its conduct</u>." *Guar. Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 206, 912 P.2d 267, 272 (1996) (emphasis added). The Nevada Supreme Court also held that a bad-faith action applies to <u>more than</u> just an insurer's rejection of a settlement offer within the policy limits or delay in paying a claim. *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 311, 212 P.3d 318, 325–26 (2009). In so holding, the Court reasoned that, "the nature of the relationship [between an insurer and the insured] requires that the insurer adequately protect the insured's interests." *Miller*, 212 P.3d at 326 (citing *Powers v. United Servs. Auto. Ass'n,* 114 Nev. 690, 701-02, 962 P.2d 596, 603 (1998), *modified on other grounds, Powers v. United Servs. Auto. Ass'n,* 115 Nev. 38, 979 P.2d 1286 (1999)). "<u>Thus, at a minimum, an insurer must equally consider the insured's interests and its own.</u>" *Miller*, 212 P.3d at 326 (citing, *Love,* 271 Cal.Rptr. at 253). "[T]he insurer must realize that the elements of bad faith include <u>more than</u> an insurer's rejection of a settlement offer within the policy limits. *Miller*, 212 P.3d at 326 (citing *Guaranty,* 112 Nev. at 206, 912 P.2d at 272 (holding that a bad-faith action applies to more than just an insurer's denial or delay in paying a claim, such as paying from an independent medical examination)).

Here, Plaintiff has been led to believe that his motor vehicle insurance coverage is effective within the states of South Dakota and Nevada, and Plaintiff has freely navigated within these areas with comfort that he was properly insured. Plaintiff has timely provided his medical records and properly executed authorizations for release of information to allow Acuity to investigate his claims. These facts indicate that not only Acuity failed to properly investigate Plaintiff's claims but

also that Acuity did not equally consider its effect on Plaintiff's interest as its own. As such, Plaintiff's proposed amendment is certainly not "futile," and should be allowed.

FRCP 15(a) provides that leave of court to amend a complaint "shall be freely given when justice so requires." Denying the Plaintiff's motion to amend the complaint is only warranted in extreme circumstances, such as undue delay, bad faith, or dilatory motive. *Stephens v. Southern Nevada Music Co., Inc*, 89 Nev. 104, 105, 507 P.2d 138, 139 (1973). The United States Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), cited in *Stephens*, 104, 105-06; *Adamson v. Bowker*, 85 Nev. 115, 121, 450 P.2d 796, 800-801 (1969).

In this case, while adding new claims may cause some delay, it will afford Plaintiff a chance to adjudicate his rights under tort law and statute on its merits. This public policy best serves justice. *Hotel Last Frontier Corp.* 79 Nev. 150, 155, 380 P.2d 293, 295. Therefore, this Court should grant Plaintiff leave to amend the Complaint under FRCP 15(a).

### C. Alternatively and Independently, Plaintiff Should be Allowed to Amend His Complaint Under FRCP 15(b) to Conform to the Evidence at Trial.

FRCP 15(b) provides:

(b) **Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. <u>Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party **at any time**</u>, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

FRCP 15(b) (emphasis added).

Page 9

FRCP 15(b) expressly allows Plaintiff to amend his Complaint to add claims <u>at any time</u>, based on the evidence in the case. *Schwartz v. Schwartz*, 95 Nev. 202, 205, 591 P.2d 1137, 11340 (1979).

In this case, the facts set forth above will be presented at trial in proving the reasonableness or unreasonableness of Acuity's handling of Plaintiff's claims. As such, Acuity cannot object that this issue has not been raised in this case. Therefore, bad faith claims are appropriate in this case and Plaintiff should be allowed to amend his Complaint accordingly.

## IV. CONCLUSION

The Court has broad discretion under FRCP 16(b), FRCP 15(a), and FRCP 15(b) to grant leave to amend the Complaint, and such leave should be freely given when justice so requires. Based on the foregoing, Plaintiff respectfully requests leave to amend the Complaint to add Breach of the Implied Covenant of Good Faith and Fair Dealing and Unfair Claims Practices under NRS 686.310.

Dated this 9 day of April, 2018.

GANZ & HAUF

MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
JEFFREY GALLIHER, ESQ.
Nevada Bar No. 8078
8950 W. Tropicana Ave, Suite 1
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to NEFCR 9, FRCP 5(b) and EDCR 7.26, I hereby certify that on April 9, 2018, I served a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND UNFAIR CLAIMS PRACTICES UNDER NRS 686A.310** on the following parties through the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrant:

STEPHEN H. ROGERS, ESQ.
Nevada Bar No. 5755
MARISSA R. TEMPLE, ESQ.
Nevada Bar No. 9028
**ROGERS, MASTRANGELO, CARVALHO & MITCHELL**
300 South Fourth Street, Ste. 710
Las Vegas, NV 89101
Telephone: (702) 383-3400
Facsimile: (702) 384-1460
Email: srogers@rmcmlaw.com
*Attorneys for Defendant*

_____
An employee of GANZ & HAUF

