# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Donald Humes, | Case No.: 2:17-cv-01778-JAD-BNW |
| Plaintiff | |
| v. | **Order Denying Motion for Determination of Law** |
| Acuity, a Mutual Insurance Company, | [ECF No. 53] |
| Defendant | |

This is an insurance-coverage dispute regarding a policy that Acuity, a Mutual Insurance Company, issued to Donald Humes. Acuity moves for "an Order acknowledging that South Dakota law will govern this action."[1] But this requires application of Nevada's conflict-of-law rules to the facts of this case, which are disputed. Because the motion does not comply with Federal Rule of Civil Procedure 56—or any other rule—I deny it without prejudice to the parties' ability to file a motion for partial summary judgment that complies with Rule 56 by October 16, 2019.

## Discussion

Federal courts sitting in diversity apply "state substantive law to state law claims, including the forum state's choice of law rules."[2] "Nevada tends to follow the Restatement (Second) Conflict of Laws (1971) in determining choice-of-law questions involving contracts . . . and insurance contracts, in particular."[3] Under § 193 of the Restatement, "[t]he validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the

---

[1] ECF No. 53 at 4.

[2] *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 610 (9th Cir. 2010).

[3] *Progressive Gulf Ins. Co. v. Faehnrich*, 327 P.3d 1061, 1063 (Nev. 2014) (internal citations omitted).

local law of the state [that] the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties, in which event the local law of the other state will be applied."[4]

But that is the only "determination of law" I can provide for now. To determine whether Nevada or South Dakota law applies, I must apply § 193 to the facts in this case. And Acuity makes clear in the first paragraph of its reply that the facts necessary to make this determination are disputed:

> Plaintiff completely misstates the history of the case, including the chronology of the pre-litigation claim handling. In doing so, he provides absolutely no evidentiary support for his contentions.[5]

Acuity, too, provides almost no evidentiary support for the contentions in its briefs. Except for an unauthenticated insurance policy, neither party attaches affidavits, deposition transcripts, or any other evidence that can be presented in an admissible form at trial.[6] I simply cannot and will not make a conclusive determination of law based solely on facts asserted by counsel in their briefs.

Neither party cites a Federal Rule of Civil Procedure in its brief. Although I might treat a "motion for determination of law" accompanied by evidence as a motion for partial summary

---

[4] Restatement (Second) of Conflict of Laws § 193 (1971). The Supreme Court of Nevada has addressed similar, albeit not identical, facts to those asserted by counsel in the briefing on this motion. *See Sotirakis v. United Serv. Auto. Ass'n*, 787 P.2d 788 (Nev. 1990); *Williams v. United Servs. Auto. Ass'n*, 849 P.2d 265 (Nev. 1993); *see also Progressive Max Ins. Co. v. Toca*, No. 2:05-CV-0845-KJD-PAL, 2007 WL 2891980, at *4 (D. Nev. Sept. 28, 2007). Although I cannot apply the law to the facts in this case because the motion is procedurally deficient, the parties are advised to consider these cases in any motion for partial summary judgment on this issue.

[5] ECF No. 57 at 1.

[6] *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016) (unpublished); Fed. R. Civ. P. 56 advisory comm. note to 2010 amendment.

judgment under Rule 56,[7] Acuity's motion falls far short of meeting the procedural requirements in that Rule and Local Rule 56-1. Indeed, the motion emphasizes why these rules, which require the parties to cite to the record and set forth undisputed facts, exist. So I deny the motion without prejudice to either party moving for partial summary judgment on this issue under Rule 56.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Acuity's motion for determination of law **[ECF No. 53] is DENIED** without prejudice to either party's ability to reurge it under Rule 56 with a fully developed memorandum of points and authorities containing the supporting law, evidence, and analysis.

**IT IS FURTHER ORDERED** that the Scheduling Order **[ECF No. 51] is AMENDED** for the limited purpose of allowing the parties to file motions for partial summary judgment on the issue of what state's law applies in this case **by October 16, 2019.**

Dated: September 26, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[7] Courts routinely resolve choice-of-law questions on summary judgment. *See, e.g.*, *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237 (D. Nev. 1994) (applying Restatement (Second) of Conflict of Laws § 193); *Hawthorne v. Mid-Continent Cas. Co.,* No. C-16-1948-RSL, 2017 WL 3237160 (W.D. Wash. July 31, 2017).