UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD HUMES, | Case No. 2:17-cv-01778-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| ACUITY, A MUTUAL INS. CO., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Disqualify (ECF No. 86), filed on February 13, 2020. Plaintiff filed a Response (ECF No. 87) on February 27, 2020. Defendant filed a Reply (ECF No. 91) on March 16, 2020. The Court finds this matter properly resolved without a hearing. See Local Rule 78-1.

**I.     BACKGROUND**

Defendant seeks to disqualify Attorney Marjorie Hauf from serving as trial counsel in this matter. (ECF No. 86). Its position is that Hauf, as counsel for Plaintiff, failed to respond to multiple requests for records and information on his pre-accident medical care for years prior to the instant litigation was commenced. Further, Defendant claims it reasonably and fairly handled Plaintiff's claim and the delay in handling and failure to resolve was due solely to the inaction of Plaintiff through his counsel, Hauf. Defendant has identified Hauf as a witness in its Fourth Supplemental Disclosure on July 12, 2018. It argues that Hauf is a necessary witness to the events surrounding the initial policy limits demand and the evaluation and investigation of the claim following the demand. Further, it took Hauf's deposition on October 2, 2018 in which she testified regarding her knowledge of the pre-litigation handling of the claim. Defendant contends it raised the issue of disqualification with Hauf and understood she was going to voluntarily withdraw as trial counsel, but has yet to do so.

Plaintiff responds that Hauf is not a necessary witness and never agreed to voluntarily withdraw as lead counsel on this case. (ECF No. 87). He argues that Defendant's disclosure of Hauf as a witness over a year into this litigation is an attempt to delay it and affect Plaintiff's choice of counsel. Further, Plaintiff contends that the pre-trial communications between Hauf and the insurance carrier are not in dispute as they are supported by evidence in the claims file, the adjusters' testimony, and the parties' experts' testimony. As such, Plaintiff contends that Hauf's testimony about pre-trial communications is not relevant and is actually obtainable from other sources. Further, Plaintiff claims disqualification of Hauf as his chosen counsel after almost 7 years of representation would cause substantial prejudice and at the very least, the Court should not disqualify the entire law firm.

Defendant replies that it cannot present evidence at trial about delay and lack of information without testimony from Hauf and thus, she is a necessary witness and in fact, a key witness for Defendant's case. (ECF No. 91). Defendant also argues that it does not seek disqualification of Hauf's entire firm, but rather, just seeks disqualification of Hauf due to the conflict presented here. Moreover, Defendant claims that Plaintiff would not be prejudiced by Hauf's disqualification as she has not had a significant level of participation in this case as the majority of the case has been handled by other attorneys in her firm.

## II.  DISCUSSION

Whether an attorney should be disqualified is an issue of state law. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). In pertinent part, the Nevada Rules of Professional Conduct provide that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>> (1) The testimony relates to an uncontested issue;
>> (2) The testimony relates to the nature and value of the legal services rendered to the case; or
>> (3) Disqualification of the lawyer would work substantial hardship on the client.

Nev. R. Prof. Con. 3.7.

1        The rule does not allow an attorney who is expected to testify at trial to "appear in any situation requiring the lawyer to argue his own veracity to a court or other body, whether in a hearing on a preliminary motion, an appeal or other proceeding." *DiMartino v. Eight Judicial Dist. Ct.,* 119 Nev. 119 (2003) (quoting ABA Comm. on Ethics & Prof'l Responsibility, Informal Op. 1529 (1989)). When determining whether to disqualify an attorney, the court must balance the parties' interests and consider the hardship the attorney's disqualification may have on the client. *Id.* When the testimony sought from the lawyer may be obtained elsewhere, she is not a necessary witness. *See, e.g., Kelly v. CSE Safeguard Ins. Co.*, 2010 WL 3613872, *2 (D. Nev. Sept. 8, 2010) (citing *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994)).

       Motions to disqualify counsel are disfavored and are only granted when "absolutely necessary." *Switch Comm's Grp. v. Ballard*, 2011 WL 3859725, *2 (D. Nev. Aug. 31, 2011) (citing *United States v. Titan Pacific Constr. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986)); *see also United States v. River Irr. Dist.*, 2006 WL 618823, *3 (D. Nev. Mar. 10, 2006) (disqualifying an attorney is a "drastic measure"). "Courts are especially vigilant that such motions not be misused for the purpose of harassment, delay, or other tactical advantage." *Russell Road Food & Beverage, LLC v. Galam*, 2014 WL3845424, *1 (D. Nev. July 31, 2014). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted). The party seeking disqualification bears the burden of proof. *See, e.g., Colyer v. Smith*, 50 F. Supp. 2d 966, 974 (C D. Cal. 1999).

       As previously cited, the Nevada Supreme Court issued *DiMartino* noting that the purpose of NRPC 3.7 is to avoid jury confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness. *See Ahern Rentals, Inc. v. Lexington Ins. Co.*, Case No. 2:09-cv-00679 (D. Nev. Mar. 3, 2011) (precluding an attorney from taking and defending depositions because his dual role as attorney-witness may become known to the jury); *Talbot v.*

*Sentinel Ins. Co. Ltd*, Case No. 2:11-cv-1766 (D. Nev. Sept. 24, 2012) (precluding plaintiff's counsel from taking and defending depositions).

Although not cited by the parties, the situation facing the Court is substantially similar to the one in *Tracey v. American Family Mutual Insurance Company*, 2010 WL 3766949 (D. Nev. Sept. 14, 2010). In that case, the plaintiff filed a motion in limine to preclude his attorney from being called as a witness at trial. The plaintiff's attorney had been communicating with defendant's agents during the insurance claims process. The plaintiff argued that his attorney's testimony was not essential with respect to the issues presented and the plaintiff would be prejudiced by his attorney's disqualification if he were forced to testify. *See Id.* at *8. The defendant argued that the attorney's testimony was crucial to rebutting the plaintiff's assertion that he acted reasonably during the claims process and did not withhold any information. *See Id.*

In denying the motion, Judge Navarro found that the attorney's testimony was relevant and material, but she also found that the same information could be elicited from other sources, including plaintiff himself and the witnesses who received the correspondence. *See Id.* Moreover, Judge Navarro found that removing plaintiff's attorney from the case would impose a hardship on the plaintiff. *See Id.* Given those circumstances, Judge Navarro excluded testimony from the plaintiff's attorney, but did so without prejudice to defendant seeking his testimony again later depending on the testimony received at trial. *See Id*. at *9; see also *Tate v. Univ. Med. Ctr. of S. Nevada*, 2016 WL 520951, at *3 (D. Nev. Feb. 5, 2016) (denying motion to disqualify without prejudice as it was unclear if the attorney's testimony was actually necessary).

At this point, it is not clear whether Hauf's testimony is needed. Other witnesses are available to testify on these issues. Moreover, the area of inquiry may be subject to a motion in limine. The Court is not inclined to disqualify an attorney at this late stage based on speculation that her testimony might be sought. However, to the extent that Defendant finds that Hauf is a key witness to their defense and seeks her testimony at trial, it may raise this issue anew and seek a ruling at that time from District Judge Jennifer A. Dorsey.

/ / /

/ / /

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Disqualify (ECF No. 86) is denied without prejudice.

DATED: April 17, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE