Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Cara Xidis, Esq.
Nevada Bar No.: 11743
H&P LAW
8950 W Tropicana Ave., #1
Las Vegas, NV 89147
702 598 4529 TEL
702 598 3626 FAX
e-file@courtroomproven.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD HUMES,<br><br>Plaintiff,<br><br>vs.<br><br>ACUITY, A MUTUAL INSURANCE COMPANY, a foreign corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-01778-JAD-DJA<br><br>**Response to Defendant's Motion in Limine to Preclude Evidence Regarding Reserve Amounts** |

Plaintiff Donald Humes, by and through his undersigned counsel at the law firm of H&P Law, hereby files his Response to Defendant's Motion in Limine to Preclude Evidence Regarding Reserve Amounts.

This Response is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities, the attached exhibits, and any oral argument entertained by this Court.

DATED this 12th day of May, 2021.         H&P LAW

*/s/ Marjorie Hauf*

_____
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Cara Xidis, Esq.
Nevada Bar No. 11743

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## Factual Background

This case arises from Defendant Acuity's handling of an underinsured motorist made by Mr. Humes as a result of injuries he suffered in an April 6, 2013 motor vehicle collision. At the time of the collision, Mr. Humes was insured by Acuity; the insurance policy included $1,000,000 in underinsured/uninsured (UM/UIM) coverage. Mr. Humes resolved his claim with the tortfeasor, Alan Petty, for his policy limits of $100,000.

## II.

## Legal Standard

The primary purpose of a motion in limine is to prevent prejudice at trial. *Brodit v. Cambra,* 350 F.3d 985, 1004-1005 (Cal. 2003). This Court has authority to issue a preliminary ruling on the admissibility of evidence. The decision to do so is vested to the sound discretion of this Court. *United States v. Kennedy,* 714 F.2d 968, 975 (9th Cir. 1983), cert. denied, 465 U.S. 1034 (1984). Such motions are designed to simply the trial and avoid prejudice that often occurs when a party is forced to object in front of the jury to the introduction of evidence. *United States v. Kennedy,* 714 F.2d 968, 975 (9th Cir. 1983), cert. denied, 465 U.S. 1034 (1984).

As a threshold requirement, all relevant testimony is admissible. Fed. Rule of Evid. 402. Relevant evidence is evidence that makes the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. Rule of Evid. 401. The Court has the discretion to simplify the issues and to exclude evidence, even if it is relevant, if its probative value is substantially outweighed by the danger that it will confuse the issues or mislead the jury. Fed. Rule of Evid. 401.

## III.

## Legal Argument

Reserves are an insurance company's best estimate of the eventual cost of the claim to the company, including both the cost of indemnifying the insured and the cost of adjusting the claim. *See Maryland Cas. Co. v. United States,* 251 U.S. 342, 350 (1920). In breach of contract and bad faith cases, the establishment of loss reserves is highly relevant because it "could well belie a later claim that the insurer thought in good faith that there was no possibility of the claim falling within coverage." *Trinity E. Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, 2013 WL 12124022, *2 (N.D. Tex. Mar. 8, 2013). Courts across the country have further determined that reserve evidence is relevant, in particular, to show the insurer's state of mind in relation to its claim settlement practices. *First Nat'l Bank of Louisville v. Lustig*, 1993 WL 411377 (E.D. La. Oct. 5, 1993); *Culbertson v. Shelter Mutual Ins. Co.*, 1998 WL 743592 (E.D. La. Oct. 21, 1998) (stating that discovery or reserve information may lead to admissible evidence with respect for the thoroughness with which defendant investigated and considered the plaintiff's complaint); *Athridge v. Aetna Cas. & Surety Co.*, 184 F.R.D. 181, 192 (D.D.C. 1998) (stating that where a case involves fiduciary duties by the insurance company on behalf of the insured evidence of a reserve is relevant); *Bernstein v. The Travelers Insurance Company*, 447 F. Supp. 2d 1100, 1107 (N.D. Cal. 2006) ("what [the insurer] actually knew and thought, and what motives animated its conduct," which are "critical areas of inquiry in bad faith cases" and "fully fair game for discovery.").[1] This information will go not only to support Plaintiff's breach

---

[1] Countless other courts have reached this same conclusion. *See e.g., Westheimer Regency I, LP v. Great Lakes Reinsurance (UK) SE*, 2018 WL 7198643, at *3 (W.D. Tex. Aug. 20, 2018) (holding reserves information relevant and discoverable); *Shaw v. Zurich Am. Ins. Co.*, 2014 WL 2981904, at *2 (E.D. Tex. Jun. 26, 2014) ("The Court finds that information about [the insurer's] reserves is relevant and discoverable and was improperly withheld."); *Swicegood v. Med. Protective Co.*, 2004 WL 1698285, at *3-4 (N.D. Tex. 2004) (holding reserve information to be relevant and discoverable); *Harris Chevrolet, Inc. v. Hanover Ins. Co.,* 2008 WL 11351443, *3 (M.D. La. Feb. 28, 2008) ("the reserves, of course, must have some relationship to the insurer's estimation of the insured's potential liability. Otherwise, the setting

of contract claim, but also to its breach of the duty of good faith and fair dealing and Acuity's bad faith. Defendant's objection to the use of its internal reserves at the time of trial is baseless.

Defendant asserts that its reserves in this case are irrelevant because they do not reflect Acuity's valuation of the claim. Its own training materials, however, belie this argument. Acuity sets forth precisely what to consider in setting the reserves:

(1) Damages – current and future

(2) Coverage limits

(3) Liability

(4) Specials – medical and wage

(5) General – pain and suffering, permanent disability, disfigurement

*Reserving Philosophy* at H 0161, attached hereto as Exhibit 1; *Reserving – PGA Claims Workshop*, at H 0045, attached hereto as Exhibit 2.

Acuity also sets forth precisely what *not* to consider in setting the reserves:

(1) Expenses

(2) Recoveries

*Id.*

Defendant's assertion that the reserves are largely affected by the litigation costs is expressly rejected by its own training materials. The adjusters, claims supervisors and claims managers responsible for setting the reserves in this case did so based on Acuity's own policies and procedures, as set forth above.

---

aside of reserves would serve little, if any, purpose."); *Jefferson Davis County School Dist. V. RSUI Indem. Co.*, 2009 WL 658478, at *3 (S.D. Miss. 2009).

## IV.

## Conclusion

Based on the foregoing, Plaintiff respectfully requests that Defendant's Motion be denied.

Dated this 12th day of May, 2021.

H&P LAW

*/s/ Marjorie Hauf, Esq.*

_____
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Cara Xidis, Esq.
Nevada Bar No. 11743



## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2021, service of the foregoing **Response to Defendant's Motion in Limine to Preclude Evidence Regarding Reserve Amounts** was made by required Electronic Service to the following individuals:

Stephen Rogers, Esq.
Marissa Temple, Esq.
Rogers Mastrangelo Carvalho & Mitchell
700 South Third Street
Las Vegas, NV 89101
Fax (702) 384-1460
Attorneys for Defendant

　　　　　　　　　　　　　　　　　　　　*/s/ Priscilla Santos*
　　　　　　　　　　　　　　　　　　　　An Employee of H&P LAW

# EXHIBIT 1

# RESERVING PHILOSOPHY

Reserve Definitions – Accounting liability established in the present for the purpose of paying future claim costs; estimate of future payments on a claim

*This is one of the most important functions of claim handling!!!*

- Timeliness and Accuracy
    - Directly effects the company's financial well being

- Methods of Reserving
    - Formula or Average Reserving – set statistically by actuarial based on past loss experience and project future loss costs
    - Case Reserving – individual case reserves set by the claim person based on their analysis of all factors associated with each specific claim
    - Acuity – CASE RESERVING

- Accuracy
    - Initial reserves should take into consideration all known information
    - Claim Representative has a huge role in using their knowledge and experience in setting reserves
        - If above authority – manager input
        - Use manager knowledge and experience when needed
    - Realistic
    - Reserve should be based on reasonable settlement range, not adjuster optimism or pessimism

- Timeliness
    - Same day action
    - Not a onetime activity in the life of a claim
    - Continual evaluation and re-evaluation as new information becomes known
    - Investigations must be timely and thorough
    - Do not "Stair Step" – increase to full exposure right away
    - Should new information become available of a lower reserve needed, change it to reflect that if you have a high degree of confidence that reserve will not go back up at a later date

H  0160

- Who Is Responsible for Reserves?
    - Not the attorney
    - The Claim Rep!

- What to Consider…
    - Damages – current and future
    - Coverage limits
    - Liability
    - Do Not Consider
        - Expenses
        - Recoveries
    - Specials – medical and wage
    - General – P&S, permanent disability, disfigurement

- New Information
    - Reevaluate the claim
    - Update in the activity log
    - Keep trying to obtain new information, ongoing investigation

- Important Dates
    - 30 Day – PD Reserve Review
    - 90 Day – BI Reserve Review

- UDM Claims – Investigate damages AND amount of underlying limits

- Contribution Claims – Consider damages and comparative negligence

- Transfer Files
    - Outgoing Rep – update reserves prior to transfer
    - Receiving Rep – evaluate reserves when file is reviewed

- Authority – Request authority ASAP and Log (E – Evaluate)

- Consistency
    - Bulk & IBNR are based on historical reserve trends
    - Consistency is critical for accurate bulk and IBNR reserving
    - NEVER make across the board reserve changes, only case by case

- Recovery
    - Set recovery percentage based on estimated future recoveries
    - Timely
    - Accurate percentage
    - Do not consider expense or reinsurance recoveries in the %

# EXHIBIT 2

## PGA CLAIMS WORKSHOP

### *ACUITY* RESERVING PHILOSOPHY

August 10 & 12, 2004

---

## RESERVE DEFINITIONS

- Accounting liabilities established in the present for the purpose of paying future claim costs
- Estimate of future payments on a claim

---

## ★ RESERVING!

☞ One of the most important functions of the claim person

---

## TIMELINESS AND ACCURACY

Timeliness and accuracy of reserves directly affects the company's financial well being

- Effect of under reserving
- Effect of over reserving
- Verification of reserves
  - Management Reports
  - Levels of reserving authority
  - Reserving audits

H 0042

## Methods of Reserving

- Formula or average reserving-set statistically by actuaries based on past loss experience and project future loss costs
- Case reserving-Individual case reserves set by the claim person based on their analysis of all factors associated with each specific claim

## CASE RESERVE OR FORMULA RESERVES

Which does *ACUITY* use?
- Case reserves or
- Formula reserves?

## Accuracy

- Initial reserves should take into consideration all known information
- Claim Representative - use their knowledge and experience
- Claim Manager - use their knowledge and experience
  ⇒ reserve above claim rep's authority
  ⇒ whenever manager's knowledge and experience would assist

## Timeliness

- Reserving is not a one time activity in the life of the claim
- The Claim Representative Must continually evaluate and reevaluate as new information becomes known
- Investigations must be timely and thorough
- Need to continually investigate

H 0043

# ACUITY

## ACUITY'S Reserving Philosophies

### Accuracy

- Realistic
- Carry case to conclusion
- Pessimistic evaluation based on reasonable range - not worst case scenario

### Accuracy (cont.)

- Even if the Claims Representative is optimistic about settlement, reserve should be based on pessimistic side of the reasonable settlement range
- Who determines true value of the claim
- Ultimate fact finder (jury, judge, arbitrator)

### Who is responsible for reserve?

Claim Reps and Managers!
- NOT JVR
  - Sometimes a helpful tool to supplement the Claim Rep's knowledge and experience in evaluating a claim-MUST NOT replace Claim Rep's judgment
  - Every claim is unique. JVR can not determine value of the claim,
  - Activity log notes should never indicate value based on JVR

H 0044

### Who is responsible for reserves? (cont.)

- NOT Defense attorney
  - ✓ Use attorney's knowledge and experience, but
  - ✓ *ACUITY* Claims Reps and Managers are responsible for reserve and settlement evaluation

### What to consider when reserving

- Consider damages, coverage (including limits) and liability (including comparative negligence)
- Not expenses
- Not recoveries

### What to consider when reserving (cont.)

- Current damages and project future damages
- Specials - medical and wage
- General - P&S, Permanent disability and disfigurement

### New Information

- Reevaluate each time new information is obtained
- Activity log - update
  - How does new info effect reserve
- Information does not need to be confirmed to increase reserve
  - But must confirm for settlement

Reserve Confirmation screen is always last screen viewed when leaving KLOS

H 0045

## Timeliness

- Same Day
- Initial investigation must be timely
- Investigation must be ongoing and timely

## Ongoing and Timely Investigations

- Regular follow-up on open files, 30 day guideline
- Regular follow-up with attorney represented claimants
- Ask the attorney for information
  - Call, don't just write
  - Ask the attorney's paralegal for information
  - Ask when the attorney will be in vs. leaving messages

## TIMELY

- Increase reserve to full exposure, no "stair stepping"
- Nothing negative about multiple reserve increases if new information is being obtained and could not or should not have been obtained earlier
- Increase reserve on same day as payment?

## DECREASING RESERVES

Should you lower your reserve immediately if new information is received which indicates lower exposure?

→ Need a high degree of confidence reserve will not go back up at later date

## IMPORTANT DATES

- 90 Day Review
- End of Year Review

## UDM Claims

→ Investigate damages AND amount of underlying limits

## Contribution claims

→ Consider damages and comparative negligence

## Transfer files

- Outgoing Rep - Update reserves prior to transfer
- Receiving Rep - Evaluate reserves when file is reviewed
- Who is responsible?

H 0047

## RESERVE ABOVE AUTHORITY

Request authority ASAP

- Activity Log (v=evaluation)
- Format authority request
- Make recommendation
- Recommended: Make change in RCHG and hold

## CONSISTENCY

- Bulk & IBNR are based on historical reserve trends
- Consistency critical for accurate bulk and IBNR reserving
- NEVER make across the board reserve changes, only case-by-case

## Recovery status

- Set recovery percentage based on estimated future recoveries
- Timely
- Accurate percentage
- Do not consider expense recoveries in the %
- Do not consider reinsurance recoveries in the %

## CONCLUSION

Historically, *ACUITY*'s case reserving has been excellent
Keep up the good work
- ★ Timely
- ★ Accurate