Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Cara Xidis, Esq.
Nevada Bar No.: 11743
H&P LAW
8950 W Tropicana Ave., #1
Las Vegas, NV 89147
702 598 4529 TEL
702 598 3626 FAX
e-file@courtroomproven.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD HUMES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ACUITY, A MUTUAL INSURANCE COMPANY, a foreign corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 2:17-cv-01778-JAD-DJA<br><br>**Response to Defendant's Motion in Limine to Preclude "Pattern and Practice" Evidence and Arguments and Evidence of Other Claims or Lawsuits** |

Plaintiff Donald Humes, by and through his undersigned counsel at the law firm of H&P Law, hereby files his Response to Defendant's Motion in Limine to Preclude "Pattern and Practice" Evidence and Arguments and Evidence of Other Claims or Lawsuits.

This Response is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities, the attached exhibits, and any oral argument entertained by this Court.

DATED this 12th day of May, 2021.　　　H&P LAW

　　　　　　　　　　　　　　　　　　　　　/s/ Marjorie Hauf
　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Marjorie Hauf, Esq.
　　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 8111
　　　　　　　　　　　　　　　　　　　　　Cara Xidis, Esq.
　　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 11743

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

### Factual Background

This case arises from Defendant Acuity's handling of an underinsured motorist made by Mr. Humes as a result of injuries he suffered in an April 6, 2013 motor vehicle collision. At the time of the collision, Mr. Humes was insured by Acuity; the insurance policy included $1,000,000 in underinsured/uninsured (UM/UIM) coverage. Mr. Humes resolved his claim with the tortfeasor, Alan Petty, for his policy limits of $100,000.

## II.

### Legal Standard

The primary purpose of a motion in limine is to prevent prejudice at trial.[1] This Court has authority to issue a preliminary ruling on the admissibility of evidence. The decision to do so is vested to the sound discretion of this Court.[2] Such motions are designed to simply the trial and avoid prejudice that often occurs when a party is forced to object in front of the jury to the introduction of evidence.[3]

As a threshold requirement, all relevant testimony is admissible.[4] Relevant evidence is evidence that makes the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.[5] The Court has the discretion to simplify the issues and to exclude

---

[1] *Brodit v. Cambra*, 350 F.3d 985, 1004-1005 (Cal 2003).
[2] *United States v. Kennedy,* 714 F.2d 968, 975 (9th Cir. 1983), cert. denied, 465 U.S. 1034 (1984).
[3] *Fenimore v. Drake Construction Co.*, 549 P.2d 483 (Wash. 1976).
[4] Fed. Rule of Evid. 402.
[5] Fed. Rule of Evid. 401.

evidence, even if it is relevant, if its probative value is substantially outweighed by the danger that it will confuse the issues or mislead the jury.[6]

### III.
### Legal Argument

During discovery in this matter, Plaintiff submitted an Interrogatory to Defendant requesting the identification of any legal action brought against it for breach of contract arising from the handling of an underinsured motorist claim during the past five years. Defendant refused to provide the requested information, instead objecting that it was overly broad and irrelevant.[7] Rather than pursue the information from Defendant directly, which is often a futile exercise and results in nothing more than an incomplete response, Plaintiff sought out the information independent of Defendant, to be used as impeachment evidence if the needs arises. FRCP 26 governs the disclosure requirements and, while most documents must be disclosed in advance of trial, there is no such disclosure requirement for impeachment evidence.

Here, Defendant is seeking a blanket exclusion of non-specific evidence, in an attempt to limit Plaintiff's proper use of relevant evidence, without identifying any specific piece of evidence it believes is improper and should be excluded from the trial of this matter. This is an improper subject for a motion in limine, essentially asking the Court to enter a general follow-the-law order, and should be denied, instead addressing any issues that arise at the time of trial through objections.

---

[6] Fed. Rule of Evid. 403.
[7] Defendant's Response to Plaintiff's Interrogatories, at 3:9-22, attached hereto as Exhibit 1.

## IV.
## Conclusion

Based on the foregoing, Plaintiff respectfully request that Defendant's Motion be denied.

DATED this 12th day of May, 2021.    H&P LAW

*/s/ Marjorie Hauf*

---
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Cara Xidis, Esq.
Nevada Bar No. 11743



RESPONSE TO DEFENDANT'S MOTION IN LIMINE

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2021, service of the foregoing **Response to Defendant's Motion in Limine to Preclude "Pattern and Practice" Evidence and Arguments and Evidence of Other Claims or Lawsuits** was made by required Electronic Service to the following individuals:

Stephen Rogers, Esq.
Marissa Temple, Esq.
Rogers Mastrangelo Carvalho & Mitchell
700 South Third Street
Las Vegas, NV 89101
Fax (702) 384-1460
Attorneys for Defendant

*/s/ Priscilla Santos*
An Employee of H&P LAW

# EXHIBIT 1

```
 1  INTR
    STEPHEN H. ROGERS, ESQ.
 2  Nevada Bar No. 5755
    MARISSA R. TEMPLE
 3  Nevada Bar No. 9028
    ROGERS, MASTRANGELO, CARVALHO & MITCHELL
 4  700 S. Third Street
    Las Vegas, Nevada 89101
 5  Phone (702) 383-3400
    Fax (702) 384-1460
 6  Email: Mtemple@rmcmlaw.com
    Attorneys for Defendant
 7
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD HUMES, | CASE NO. 2:17-cv-01778-JAD-PAL |
| Plaintiff, | |
| vs. | |
| ACUITY, A MUTUAL INSURANCE COMPANY, a foreign corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendants. | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

TO: DONALD HUMES, Plaintiff; and

TO: Marjorie Hauf, Esq. and Jeffrey Galliher, Esq. of Ganz & Hauf, Attorneys for Plaintiff.

Pursuant to Nevada Rule of Civil Procedure 33, Defendant ACUITY, A MUTUAL INSURANCE COMPANY, by and through its counsel of record, the law firm of Rogers, Mastrangelo, Carvalho & Mitchell, hereby responds to Plaintiff's Interrogatories as follows:

### I.

### GENERAL OBJECTIONS

Defendant objects to these Interrogatories on the basis that the definitions, explanatory notes and instructions are so complex, numerous and burdensome that they create an unreasonable and

undue burden upon Defendant. In addition, the definitions, explanatory notes and instructions cause the Interrogatories and Requests to reach an objectional breadth, ambiguity, complexity and vagueness, and call for information and/or documents which are irrelevant, not calculated to lead to the discovery of admissible evidence, protected by the attorney-client privilege or attorney work-product doctrine, and beyond the permissible scope of discovery.

Defendant further objects to any answer or response protected by the attorney-client privilege, or the attorney work-product doctrine.

Defendant further objects to any answer or response irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

No response, nor subsequent response, constitutes a waiver of any other objection pursuant to these Interrogatories and Requests, or to other similar interrogatories and/or requests that may be propounded at a later time.

Subject to the general objections made above, Defendant responds to each Interrogatory and Request as follows:

**INTERROGATORY NO. 1:**

Please identify the person or persons, including title or position, answering these interrogatories on behalf of Defendant ACUITY.

**ANSWER NO. 1:**

1) Larry W. Reub, Claims Adjuster.

2) Stephanie Walchesky, Staff Claims Consultant.

**INTERROGATORY NO. 2:**

If Defendant ACUITY is a corporation, please identify its state of incorporation, the names and addresses of all its officers and directors, its principal place of business, the type or nature of business its performs, and when the corporation was licensed to do business in this state.

**ANSWER:**

State of Corporation: Wisconsin

Officers/Directors:

- Ben Salzmann, President and CEO

- Wall Waldhart - Vice President - Sales and Communications
- Ed Warren, Vice President - Commercial Lines
- Shane Paltzer, Vice President - Marketing and Personal Lines
- Jamie Loiacono, Vice President - Claims
- Wendy Schuler, Vice President - Finance
- Pat Tures, Vice President - Actuarial and Strategic Information
- Joan Ravanelli Miller, General Counsel and Vice President - Human Resource
- Sheri Murphy, Vice President - Services and Administration
- Melissa Winter, Vice President Business Consulting
- Marcus Knuth, Vice President - Enterprise Technology

Principal Place of Business: 2800 S Taylor Dr, Sheboygan, WI 53081

Type of Business: Mutual Insurance Company

Licensed in Nevada in 2014.

**INTERROGATORY NO. 3:**

If Defendant ACUITY has ever been a party to any legal action in the State of Nevada brought for breach of contract arising from the handling of a underinsured motorist claim during the past 5 years, describe each legal action by providing the names and addresses of all parties; the date of the filing of the action; the docket number of the action; the Nevada district court in which the action was filed; the substance of the facts, as set out in the pleadings; the nature or result of any disposition of the action; and the name and address of the attorney representing the plaintiff in the action.

**ANSWER NO. 3:**

Objection. Overly broad as well as irrelevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is continuing and Defendant reserves the right to supplement this answer if, and when, further information becomes available. Without waiving said objections, we are unaware of such legal actions, it is not readily available to us.

**INTERROGATORY NO. 4:**

If Defendant ACUITY issued an insurance policy to Plaintiff, identify each such policy of insurance by providing the effective dates of the policy, the type of insurance, the policy number, and coverage limits.

**ANSWER NO. 4:**

No insurance policy was issued to Plaintiff Donald Humes directly.

**INTERROGATORY NO. 5:**

State the name, job title, and business address of each person who was involved in the determination of the value of Plaintiff's underinsured motorist claims.

**ANSWER NO. 5:**

1) Larry W. Reub - Claims Adjuster, 2800 South Taylor Drive, Sheboygan, WI 53081; and

2) David R. Schmidt, Manager, 2800 South Taylor Drive, Sheboygan, WI 53081.

**INTERROGATORY NO. 6:**

Describe the procedure or method used by Defendant ACUITY to determine whether or not any proceeds from the policy covering the Plaintiff's losses should not be paid, and state with specificity whether such procedure or method was followed to evaluate and process Plaintiff's underinsured motorist claims.

**ANSWER NO. 6:**

Acuity was awaiting all medical records pertaining to the accident, as well as prior information regarding pre-accident health condition and records in order to complete its evaluation. Plaintiff refused to provide the requested information and documentation.

**INTERROGATORY NO. 7:**

Identify all written policies, manuals, or other written communications setting forth company practices, procedures, or policies regarding the handling of underinsured motorist claims.

**ANSWER NO. 7:**

Please see Exhibit 8 Defendant's Second Supplemental Disclosures, that pertain to the company's policies and procedures of the handling of underinsured/uninsured motorist claims.

**INTERROGATORY NO. 8:**

State the name, address, and telephone number of any person having or claiming to have knowledge of the facts stated concerning the policies, procedure or investigation followed or pursued with respect to Plaintiff's underinsured motorist claims.

**ANSWER NO. 8:**

1) Larry W. Reub, 2800 South Taylor Drive, Sheboygan, WI 53081, 1 (800) 242-7666;

2) David R. Schmidt, 2800 South Taylor Drive, Sheboygan, WI 53081, 1 (800) 242-7666;

1    3) Sharalyn A. Lochman, 2800 South Taylor Drive, Sheboygan, WI 53081, 1 (800) 242-7666;

2    4) Nicole R. Van Roekel, 2800 South Taylor Drive, Sheboygan, WI 53081, 1 (800) 242-7666;

3    and

4    5) Brian R. Sondrol, 2800 South Taylor Drive, Sheboygan, WI 53081, 1 (800) 242-7666.

**INTERROGATORY NO. 9:**

Identify all employees and agents of ACUITY who were in any way responsible for evaluating Plaintiff's underinsured motorist claims.

**ANSWER NO. 9:**

1) Larry W. Reub; and

2) David R. Schmidt

**INTERROGATORY NO. 10:**

If any individual identified in your response to the foregoing interrogatory no longer works for your company, provide his or her name, last position with your company, and last known address.

**ANSWER NO. 10:**

All employees listed above are still employed with Acuity.

**INTERROGATORY NO. 11:**

Describe the experience, training, and educational background of each person who evaluated the claims or managed the investigation.

**ANSWER NO. 11:**

Objection. This Interrogatory is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection:

1)   Larry Reub:
     Experience: Last Hired at Acuity: 12/6/1999. Status: Active
     Training: Professional Classroom
         - Investigating Fraudulent - Auto Damage Claims
         - Investigating Fraudulent - Bodily Injury Claims
         - Investigating Fraudulent - Auto Theft Claims
         - Investigating Fraudulent - Home Owners Claims
         - Investigating Auto Arson Claims
         - Errors and Omission Loss Prevention
         - Settlement Techniques
     Education: University of South Dakota, Associates Degree - Construction Trades

///

2)    David Schmidt
Experience: Last Hired at Acuity: 12/6/1999. Status: Active
Training: American Institute of Business - Des Moines, IA, Associates Degree
Education: AIC (2014) / CCP (2016)

3)    Sharalyn Lochmann
Experience: 9/1/1994 - 4/9/2014 (Retired)
Training: No record available
Education: No record available

4)    Nicole Van Roekel
Experience: Last hired at Acuity: 1/2/1996 Status: Active
Management Training: Fluno courses: The Managers Role as Leader
- Transformational Leadership
- AIC (1998)
- CPCU 1 - Ethics
- CPCU 2 - Personal Insurance
- CPCU 520
- CPCU 530

5)    Brian Sondrol
Experience: Last hired at Acuity: 9/10/2008 Status: Active
Training: Minnesota Fire and Casualty Independent License
- Florida Adjuster License
- Certified Injury I & II
- Certified Property Damage I & II
- Certified Casualty I & II
- Property Claims Law Associate
- Legal Principles Claim Specialist
- Rhode Island License
- Texas License
- Delaware License
- Connecticut License
- Kentucky License
- Vermont (Fraud Claim Law Associate
Education: AIC 6/1999

**INTERROGATORY NO. 12:**

Please state, in detail, what efforts Defendant ACUITY made to evaluate the value of Plaintiff's future damages.

**ANSWER NO. 12:**

Acuity was awaiting all medical records pertaining to the accident, as well as prior information regarding pre-accident health condition and records in order to complete its evaluation. Plaintiff refused to provide the requested information and documentation. Please see below for details of all correspondence and telephone conversations.

- On October 2, 2015, Plaintiff's counsel, Ganz and Hauf sent their demand letter to

Acuity with the traffic accident report, medical/billing records from treatment providers, future costs letter, and an expired medical authorization signed by Plaintiff to obtain dates of service from April 6, 2013 to present. Ganz and Hauf requested a response to the demand by November 5, 2015.

- Acuity responded to Ganz and Hauf's October 2, 2015 demand letter via email on October 13, 2015. Acuity requested the status of payment of the tortfeasors policy, as well as an unexpired, executed medical authorization.
- On October 16, 2015, Ganz and Hauf responded to Acuity's email by attaching the signed release from Mr. Humes for the Hartford policy limits. Ganz and Hauf requested a response to the demand by November 18, 2015. No executed authorization was included.
- On November 12, 2015, Acuity sent a letter to Ganz and Hauf stating that they received the signed release from Hartford insurance. Acuity advised Plaintiff that even though Plaintiff's counsel provided Acuity with a medical authorization in their October 16, 2015 correspondence, the medical authorization specifies dates of service from April 6, 2013 to present, and is signed and dated July 11, 2013, with a 90-day expiration from the date signed. Therefore, the medical authorization was expired when provided to Acuity. Acuity attached another medical authorization that would allow them to obtain medical records from five years prior forward. Acuity stated that they will respond to demand, once medical records have been received and reviewed.
- On January 19, 2016 Ganz and Hauf responded to Acuity's November 12, 2015 correspondence by enclosing a signed HIPPA-complaint authorization (dated January 19, 2016) from Mr. Humes. Ganz and Hauf requested a response to the demand by February 19, 2016.
- On February 2, 2016 Acuity via email and US mail responded to Ganz and Hauf's correspondence dated January 19, 2016 stating that the HIPPA-complaint authorization that they attached will not allow Acuity to obtain records of Plaintiff's pre-loss treatment dated five years prior to incident. Acuity also requested a list of, and authorization for, each medical provider from Mr. Humes for at least five years prior

|   |   |
|---|---|
| 1 | to incident, as well as any pre-accident records in order to properly evaluate this claim. Acuity listed the medical providers that they have identified and requested Ganz and Hauf to confirm or add to list. Acuity stated that they will need the requested information prior to being able to evaluate and respond to demand. |

- On March 2, 2016, Acuity sent a letter to Ganz and Hauf inquiring about a status of their February 2, 2016 correspondence, which had the February 2, 2016 letter attached. Acuity requested a confirmation of receipt of correspondence of February 2, 2016.
- On May 10, 2016, Acuity sent another letter to Ganz and Hauf inquiring about a status of their February 2, 2016 and March 2, 2016 correspondence. Acuity requested a confirmation of receipt of correspondence of February 2, 2016.
- On July 6, 2016, Acuity sent another letter via US Mail (certified return receipt requested) to Ganz and Hauf inquiring about a status of their February 2, 2016, March 2, 2016, and May 10, 2016 correspondence, which were all attached. Acuity requested a confirmation of receipt of correspondence of February 2, 2016.
- On July 20, 2016, Ganz and Hauf responded to Acuity stating that they are in receipt of Acuity's July 6, 2016 correspondence. Ganz and Hauf finally enclosed a HIPPA-compliant authorization dated July 20, 2016 and provided a list of Mr. Humes' treatment providers. Ganz and Hauf requested a response to the demand by August 22, 2016.
- Telephone conference with Acuity and paralegal, Brittany from Ganz and Hauf on August 31, 2016 and advised that the provider list they provided contained two providers they are unaware of and had no information on where they were located and needed that info for medical records. Medical providers are located in Four States and present difficulties in locating all of locations are unknown.
- Acuity followed up on Septepmber 7, 2016.
- Telephone conference with Ms. Armstrong from Ganz and Hauf on September 16, 2016 requesting an extension to complete evaluation.
- On September 19, 2016 Acuity sent a letter stating that they advised Ganz and Hauf in their September 7, 2016 correspondence that the would provide an offer or status

- update by this date. Acuity was unable to do so because the medical analyst is still in the process of evaluating the medical records provided and will have an evaluation by October 5, 2016.
- Acuity received a phone call from Ms. Armstrong on September 21, 2016 stating that they received the letter regarding review complete date and agree to an extension.
- On October 7, 2016 Mr. Reub from Acuity left a voice message for Ms. Armstrong at Ganz and Hauf.
- October 10, 2016, Mr. Reub spoke with Ms. Armstrong at Ganz and Hauf informing her that the medical evaluation has indicted treatment prior to the date of loss and that they requested again for medical providers, dates of services, and medical authorization to obtain those records. Ms. Armstrong agreed to provide that information and would contact Mr. Humes and obtain it.
- On December 2, 2016, Ganz and Hauf sent a letter to Acuity stating that they are in receipt of the September 7, 2016 correspondence and to date have not received the evaluation and have not heard from Acuity at all. Ganz and Hauf advised Acuity that Mr. Humes is still treating with Tampa Minimally Invasive Surgery Center and enclosed an updated HIPPA-complaint authorization for the collection of records. Ganz and Hauf requested a response to the demand by January 4, 2017.
- On December 7, 2016, Acuity sent a letter to Ganz and Hauf stating that they are in receipt of the December 2, 2016 correspondence. Acuity also stated that there have been multiple requests for a medical authorization that would allow them to access medical records for any prior treatment prior to the date of loss and summarized last conversation with Ms. Armstrong as well as the confirmation of Tampa Minimally Invasive Spine Surgery Center facility location in Florida and if so, to provide contact address.
- Telephone conference between Ganz and Hauf and Acuity took place on December 19, 2016. Ganz and Hauf indicated that they would contact their client, regarding any medical treatment prior to date of loss.
- On December 30, 2016, Acuity sent a letter to Ganz and Hauf to follow up on the

December 7, 2016 correspondence and telephone conversation on December 19, 2016, regarding medical treatments prior to date of loss.

- On January 3, 201,7 Acuity sent a letter to Ganz and Hauf acknowledging telephone conversation with Ms. Armstrong and again requesting pre-loss medical information and authorizations.
- On February 6, 2017, Acuity sent a letter to Ganz and Hauf inquiring upon status of their December 30, 2016 correspondence. Acuity stated they they are still awaiting the contact address for Tampa Minimally Invasive Spine Surgery Center and the medical authorizations for Mr. Humes pre-accident treatment.
- On February 8, 2017, Ganz and Hauf responded to the confirmation of letter from Acuity dated February 6, 2017 and provided Acuity with the pre-treatment providers of Resurrection Hospital of Chicago, now called Presence Resurrection Hospital and Dr. Louis V. Pupillo, as well as an updated HIPPA-complaint authorization. Ganz and Hauf requested a response to the demand by March 30, 2017.
- On February 14, 2017, Acuity confirmed receipt of Ganz and Hauf's correspondence dated February 8, 2017. Acuity provided an address of Presence Resurrection Hospital and requested a confirmation of address and if this facility provided Mr. Humes' with his cervical fusion, approximate date or dates of treatment received at this facility. Acuity also requested to confirm that there are no other pre-loss providers other than the provider listed in the in the February 8, 2017 correspondence.
- On March 1, 2017, Acuity sent a letters to Presence Resurrection Hospital and Tampa Minimally Invasive Spine Surgery Center enclosing a medical authorization from Mr. Humes requesting medical and billing records.
- On March 9, 2017, Ganz and Hauf confirmed the receipt of Acuity's February 8, 2017 correspondence. Ganz and Hauf stated that it was their understanding that the treatment facility they provided is where Mr. Humes received his cervical fusion. Also, Mr. Humes did not recall the year in which he had his fusion. However, Ganz and Hauf previously sent a HIPPA-complaint authorization dating back ten years. Ganz and Hauf requested a response to the demand by April 10, 2017.

1  • On March 29, 2017, Acuity receipt of Ganz and Hauf's March 9, 2017 correspondence.
2  Acuity requested again for the confirmation that this was the only provider for pre-loss
3  treatment for Mr.Humes. Acuity requested medical records from both providers,
4  Presence Resurrection Hospital and Tampa Minimally Invasive Spine Surgery Center.
5  Once received, then Acuity would be able to evaluate and respond to the request for
6  an offer.
7  • On April 26, 2017, Acuity sent a letter to Ganz and Hauf inquiring upon status of their
8  March 29, 2017 letter. Acuity informed Ganz and Hauf that as of that date, they have
9  still not received the records from Presence Resurrection Hospital and Tampa
10 Minimally Invasive Spine Surgery Center. Acuity also requested again that Ganz and
11 Hauf confirm that the those are the only two treatment providers and to provide
12 addresses as well as the approximate date of treatment for the pre-loss medical
13 provider Presence Resurrection Hospital.
14 • On March 26, 2017, Acuity sent follow up letters to Presence Resurrection Hospital
15 and Tampa Minimmally Invasice Spine Surgery Center enclosing a medical
16 authorization from Mr. Humes requesting medical and billing records.

**INTERROGATORY NO. 13:**

State the names, addresses and telephone numbers of any and all persons, witnesses or parties having any knowledge or information regarding the incident, Plaintiff's damages or any other factual issue which forms the basis of this lawsuit known to you, your agents or representatives.

**ANSWER NO. 13:**

1) Larry W. Reub, 2800 South Taylor Drive, Sheboygan, WI 53081, 1 (800) 242-7666;

2) David R. Schmidt, 2800 South Taylor Drive, Sheboygan, WI 53081, 1 (800) 242-7666;

3) Nicole R. Van Roekel, 2800 South Taylor Drive, Sheboygan, WI 53081, 1 (800) 242-7666;

**INTERROGATORY NO. 14:**

If you or anyone acting on your behalf have conducted any surveillance of the Plaintiff, please state the date, time and place of each period of surveillance, the name and address of each person conducting such surveillance, upon whose request was such surveillance conducted, were any written reports concerning such surveillance prepared, if so, by whom and the name and address of each

1 person having present custody of any written reports pertaining to such surveillance.

2 **ANSWER NO. 14:**

3 Objection. This request seeks information protected by attorney-client privilege and attorney work product doctrine. Without waiving said objections, none.

5 **INTERROGATORY NO. 15:**

6 Please explain if any compensation received by any employee of ACUITY is tied to the claims handling process.

8 **ANSWER NO. 15:**

9 No.

10 DATED this \_\_\_ day of May, 2018.

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

STEPHEN H. ROGERS, ESQ.
Nevada Bar No. 5755
MARISSA R. TEMPLE
Nevada Bar No. 9028
700 S. Third Street
Las Vegas, Nevada 89101
Attorneys for Defendant

## CERTIFICATE OF MAILING

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of Rogers, Mastrangelo, Carvalho & Mitchell, and on the 11 day of May, 2018, a true and correct copy of the foregoing **DEFENDANT ACUITY, A MUTUAL INSURANCE COMPANY'S ANSWERS TO PLAINTIFF'S INTERROGATORIES** was served by placing an original or true copy thereof in a sealed envelope, and depositing in the U.S. Mail, postage prepaid to the following:

Marjorie Hauf, Esq.
Jeffrey Galliher, Esq.
Ganz & Hauf
8950 West Tropicana Ave., Suite 1
Las Vegas, Nevada 89147
Telephone: (702) 598-4529
Facsimile: (702) 598-3626
*Attorneys for Plaintiff*

_____
An Employee of Rogers, Mastrangelo, Carvalho & Mitchell

**VERIFICATION**

STATE OF South Dakota
COUNTY OF Pennington ss.

*Larry Reub*, as representative ACUITY, being first duly sworn, deposes and says: of ACUITY is the Defendant in the above-entitled action; that of ACUITY has read the foregoing Answers to Interrogatories from Plaintiff and knows the contents thereof; that the same is true of their own knowledge except as to those matters therein stated on information and belief and as to those matters, of ACUITY believes them to be true.

_____
As representative of ACUITY

SUBSCRIBED and SWORN to before me this 10 day of May, 2018.

_____
NOTARY PUBLIC
Exp 5-31-2022

*[Notary Seal: KAREN J. POPE, NOTARY PUBLIC, STATE OF SOUTH DAKOTA]*