Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Cara Xidis, Esq.
Nevada Bar No.: 11743
H&P LAW
8950 W Tropicana Ave., #1
Las Vegas, NV 89147
702 598 4529 TEL
702 598 3626 FAX
e-file@courtroomproven.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD HUMES,<br><br>             Plaintiff,<br><br>vs.<br><br>ACUITY, A MUTUAL INSURANCE COMPANY, a foreign corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>             Defendants. | Case No.: 2:17-cv-01778-JAD-DJA<br><br>**Response to Defendant's Motion in Limine to Preclude Offers of Compromise and Evidence of Claim Handling or, in the Alternative, Motion to Bifurcate** |

Plaintiff Donald Humes, by and through his undersigned counsel at the law firm of H&P Law, hereby files his Response to Defendant's Motion in Limine to Preclude Offers of Compromise and Evidence of Claim Handling or, in the Alternative, Motion to Bifurcate. This Response is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities, the attached exhibits, and any oral argument entertained by this Court at the time of the hearing of this matter.

DATED this 12th day of May, 2021.           H&P LAW

*/s/ Marjorie Hauf*
_____
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Cara Xidis, Esq.
Nevada Bar No. 11743

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## Factual Background

This case arises from Defendant Acuity's handling of an underinsured motorist made by Mr. Humes as a result of injuries he suffered in an April 6, 2013 motor vehicle collision. At the time of the collision, Mr. Humes was insured by Acuity; the insurance policy included $1,000,000 in underinsured/uninsured (UM/UIM) coverage. Mr. Humes resolved his claim with the tortfeasor, Alan Petty, for his policy limits of $100,000.

## II.

## Legal Standard

The primary purpose of a motion in limine is to prevent prejudice at trial.[1] This Court has authority to issue a preliminary ruling on the admissibility of evidence. The decision to do so is vested to the sound discretion of this Court.[2] Such motions are designed to simply the trial and avoid prejudice that often occurs when a party is forced to object in front of the jury to the introduction of evidence.[3]

As a threshold requirement, all relevant testimony is admissible.[4] Relevant evidence is evidence that makes the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.[5] The Court has the discretion to simplify the issues and to exclude

---

[1] *Brodit v. Cambra,* 350 F.3d 985, 1004-1005 (Cal 2003).
[2] *United States v. Kennedy,* 714 F.2d 968, 975 (9th Cir. 1983), cert. denied, 465 U.S. 1034 (1984).
[3] *Fenimore v. Drake Construction Co.,* 549 P.2d 483 (Wash. 1976).
[4] Fed. Rule of Evid. 402.
[5] Fed. Rule of Evid. 401.

evidence, even if it is relevant, if its probative value is substantially outweighed by the danger that it will confuse the issues or mislead the jury.[6]

### III.
### Legal Argument

Plaintiff does not oppose Defendant's request for bifurcation of the breach of contract and extracontractual claims, as evidenced by the submission of a stipulation regarding this matter on April 30, 2021. ECF No. 118. In addition to providing for the most expeditious resolution of the matter, as set forth by Defendant, bifurcation will allow a concise presentation of the issues. While it is clearly possible to present all of the claims simultaneously, it is not does have optimal results. The elements that must be proved to establish a breach of contract are very separate and distinct from those that must be proved to establish the extracontractual claims, and the evidence that is presented to support the claims is different. It is difficult, if not impossible, for a jury to separate out what should be considered in evaluating one claim, as opposed to the other, which results in the breach of contract being assumed and absorbed into the extracontractual claims.

Should bifurcation be denied, however, Defendant's motion to exclude evidence of negotiations and claims handling must be denied. These issues are germane to the bad faith claims and cannot be excluded simply because another claim is simultaneously being presented. This would be the equivalent of excluding evidence of a defective product in a products liability case because there are also claims of negligence being presented. The logic is simply unsound and yields ridiculous results.

---

[6] Fed. Rule of Evid. 403.

RESPONSE TO DEFENDANT'S MOTION IN LIMINE

While Plaintiff concedes that, in judging the breach of contract claim, the jury is largely going to be focused on the evaluation of the claim and what Acuity should have paid, Defendant's continued classification of the breach of contract claim as a value dispute is an oversimplification of the matter. The real question for the jury in a breach of contract claim is whether Acuity has fulfilled its obligations under the insurance policy – including paying what it owes.

The real question for the jury in a bad faith claim, however, is whether Acuity reasonably and in good faith. One cannot evaluate whether an insurer acted in good faith without being presented with *how* they acted. This necessarily involves a discussion of the insurer's duties under the insurance policy, what the insurer did to investigate the claim, how the insurer evaluated the claim, what information was relied on in reaching that evaluation, whether that evaluation changed during the pendency of the claim and why, and what was communicated to the insured, among other things. The settlement offers that have been made by Acuity are clearly relevant to these issues, as is Acuity's claims handling, including the actions/inactions of the handling adjuster. The only prejudice to Acuity in presenting the entirety of the evidence is that its behavior throughout the pendency of Plaintiff's claim will be on display for the jury to judge, and that is precisely what should happen – that is precisely what this trial is about.

RESPONSE TO DEFENDANT'S MOTION IN LIMINE

## IV.

## Conclusion

Based on the foregoing, Plaintiff respectfully request that Defendant's Motion to exclude evidence of Acuity's conduct and decision-making, including settlement offers, be denied.

DATED this 12th day of May, 2021.     H&P LAW

/s/ Marjorie Hauf
_____
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Cara Xidis, Esq.
Nevada Bar No. 11743

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2021, service of the foregoing **Response to Defendant's Motion in Limine to Preclude Offers of Compromise and Evidence of Claim Handling or, in the Alternative, Motion to Bifurcate** was made by required Electronic Service to the following individuals:

Stephen Rogers, Esq.
Marissa Temple, Esq.
Rogers Mastrangelo Carvalho & Mitchell
700 South Third Street
Las Vegas, NV 89101
Fax (702) 384-1460
Attorneys for Defendant

　　　　　　　　　　　　　　　　　　　　/s/ Priscilla Santos
　　　　　　　　　　　　　　　　　　　　An Employee of H&P LAW