UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Donald Humes, | Case No.: 2:17-cv-01778-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Parties' Motions to Strike** |
| Acuity, A Mutual Insurance Co., | [ECF Nos. 147, 148] |
| Defendant | |

Donald Humes sues Acuity, A Mutual Insurance Company, for breach of contract and breach of the implied covenant after the company failed to cover his automobile-accident injuries under his underinsured-motorist policy.[1] In anticipation of trial on May 24, 2021, Humes seeks to exclude two of Acuity's witnesses, arguing that they were improperly disclosed under Federal Rule of Civil Procedure 26.[2] Acuity maintains that its technical violation of Rule 26's disclosure requirements was harmless, and it countermoves to exclude Humes's "before-and-after" witnesses as improperly disclosed and needlessly cumulative under Federal Rule of Evidence 403.[3] I deny both motions because the technical violations of Rule 26 were harmless and it is yet unclear whether Humes's witnesses will present cumulative testimony. But I grant Acuity leave to re-urge its motion if these witnesses' trial testimony begins to demonstrate unnecessary overlap.

---

[1] ECF No. 1.
[2] ECF No. 147 (motion to strike).
[3] ECF No. 148 (countermotion to strike).

**Discussion**

Rule 26 requires parties to disclose "the name and, if not previously provided, the address and telephone number of each witness" whom "the party expects to present and those it may call [at trial] if the need arises."[4] Unless otherwise noted by the court, "these disclosures must be made at least 30 days before trial."[5] When a "party fails" to "identify a witness as required by Rule 26(a) or (e), the party is not allowed to use" that "witness . . . at a trial, unless the failure was substantially justified or is harmless."[6] The Ninth Circuit has directed courts to consider the following factors in determining whether to sanction a party for a discovery-deadline violation: "prejudice or surprise to the party against whom the evidence is offered"; the ability of that party "to cure the prejudice"; "the likelihood of disruption at trial"; and "bad faith or willfulness involved in not timely disclosing" the witnesses.[7] The party facing exclusion bears the burden to prove its delay was justified or harmless.[8]

**I.  Acuity's witnesses**

Acuity seeks to call Larry Reub and Bruce Chrisman[9] at trial, despite neglecting to specifically disclose these witnesses in any of its pre-trial filings.[10] Acuity maintains that this

---

[4] Fed. R. Civ. P. 26(a)(3)(A)(i). This is in addition to Rule 26(a)'s initial-disclosure requirements, which requires parties to disclose the names of individuals with discoverable information. Fed. R. Civ. P. 26(a)(1)(A).

[5] Fed. R. Civ. P. 26(a)(3)(B).

[6] Fed. R. Civ. P. 37(c)(1).

[7] *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

[8] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

[9] The spelling of Bruce Chrisman's name is seemingly disputed. *Compare* ECF No. 134 at 2 ("Bruce Crisman"), *with* ECF No. 147 at 1 ("Bruce Chrisman").

[10] *See, e.g.*, ECF No. 111.

Rule 26 violation is harmless and nonprejudicial because (1) Humes listed both Reub and Chrisman in his pretrial disclosures; (2) Acuity "name[d] as all witnesses identified by all other parties" in its pretrial disclosures; (3) Acuity repeatedly disclosed that Reub was its Rule 30(b)(6) designee in informal communications and deposition notices; and (4) Humes stipulated that Reub and Chrisman would testify at trial a week before it was set to start.[11] Humes largely ignores these arguments, insisting that a party may only call the witnesses it discloses.[12]

Based on the record before me, I find that permitting Reub and Chrisman to testify will cause neither prejudice to Humes nor unfairness at trial. Rule 37's 1993 advisory committee notes state that harmless disclosure-requirement violations include both the "inadvertent omission" of "a potential witness known to all parties" and the "failure to list as a trial witness a person so listed by another party."[13] In *S.E.C. v. Koenig*, the Seventh Circuit found that the plaintiff's "delay in alerting [the defendant] that [a witness] might testify was as harmless as they come, given [the witness's] status as [the defendant's] expert"; after all, "[a] witness identified as a testimony expert is available to either side."[14] And the Ninth Circuit reasoned similarly in *Lanard Toys Ltd. v. Novelty, Inc.*, noting that while a party may not "strictly comply with the requirements of [Rule 26]," if the parties are aware of and prepared for the witness's participation at trial, then any failure to disclose that witness is harmless.[15]

---

[11] *See* ECF Nos. 110 at 1, 3; 111 at 3; 148 at 45 ("Mr. Reub would be the PMK for the remaining categories."), 48; 144 at 1.

[12] ECF No. 151 at 3.

[13] Advisory Committee Notes to 1993 Amendment to Rule 37.

[14] *S.E.C. v. Koenig*, 557 F.3d 736, 745 (7th Cir. 2009).

[15] *Lanard Toys Ltd..*, 375 F. App'x at 713; *see also Niemeyer v. Ford Motor Co.*, No. 2:09-cv-02091, 2012 WL 135702, at *7 (D. Nev. Jan. 17, 2012) ("None of the purposes behind the rule suggest that the court should exclude expert testimony on the ground [that] another party in the same case did not formally designate the expert as its own, or serve a redundant Rule 26(a)(2)(A) expert report."); *United States v. Schaudt*, 2009 WL 1218605, at *3 (N.D. Ill. Apr. 30, 2009)

Like the appellants in *Lanard Toys*, Humes had the opportunity to take discovery from both these witnesses;[16] he has long been aware that Reub would be Acuity's Rule 30(b)(6) witness; and he is presumptively aware that Reub would testify, given that he listed Reub in his own witness list. And like the parties in *Koenig*, Acuity stated in its pretrial disclosures that it might call all witnesses listed by Humes, and Humes repeatedly listed both Reub and Chrisman as trial witnesses within a week of bringing his motion. It strains credulity to imagine that Chrisman and Reub's inclusion at trial will somehow cause undue surprise or prejudice. Nor does Humes's reliance on the non-binding decisions in *Amador v. Bully's Sports Bar & Grill* and *Kullman v. New York* persuade me otherwise.[17] In those cases, the judges precluded parties from calling witnesses who were not identified in pretrial disclosures because they had only been mentioned in passing in discovery.[18] That is not the case here. So I deny Humes's motion to strike Reub and Chrisman from Acuity's witness list.

## II. Humes's witnesses

I also decline to exclude Barbara Grant, Cheryl and Tony Lesko, Charles and Linda Humes, and Joe Manqueros, despite Humes's failure to provide Acuity with their addresses.[19]

---

("Further, that a party is not required to disclose the expert witness of its adversary, though it will rely on the expert's testimony, is bolstered by the rule's purpose.").

[16] Chrisman was deposed; Humes scheduled a deposition for Reub but declined to proceed. ECF No. 148 at 6.

[17] ECF No. 151 at 3 (citing *Amador v. Bully's Sports Bar & Grill*, No. 3:15-CV-0022, 2017 WL 627214, at *5 (D. Nev. Feb. 15, 2017); *Kullman v. New York*, No. 07-CV-716, 2009 WL 1562840, at *6–8 (N.D.N.Y. May 20, 2009)).

[18] *Amador*, 2017 WL 627214 at *5; *Kullman*, 2009 WL 1562840 at *7.

[19] It is unclear which specific witnesses Acuity seeks to exclude. In its motion, Acuity refers to "seven" before-and-after witnesses without identifying them by name. *See* ECF No. 148 at 4. Humes provides areas of testimony for six of these witnesses. *See* ECF No. 151 at 5. So I construe Acuity's motion as seeking to exclude these six witnesses.

4

Again, while this is a technical violation, it is unclear what, if any, prejudice or harm Acuity will suffer because Humes's disclosures lacked this information. And as Humes points out, Acuity had plenty of time to coordinate discovery on those witnesses should it have so desired. Given the absence of any evidence that Acuity tried and failed to take meaningful discovery on these witnesses because of their missing addresses, I decline to strike them.

In the alternative, Acuity seeks to exclude these witnesses under Rule 403, arguing that their testimony is duplicative and needlessly cumulative. Humes argues that these witnesses will discuss decidedly different topics, and he lists their areas of testimony in his reply brief. While I decline to exclude these witnesses out of hand because such a ruling would be premature, I am concerned that many of the areas of testimony are duplicative. In his reply brief, Humes proposes that at least two witnesses will discuss how Humes's home life has changed, two witnesses will discuss how his activities in Florida have changed, and four witnesses will testify about how his interpersonal relationships have changed.[20] So I dismiss this motion without prejudice and permit Acuity to re-urge it should Humes's witnesses' testimony overlap.

## Conclusion

IT IS THEREFORE ORDERED that Humes's motion to strike **[ECF No. 147]** and Acuity's countermotion to strike **[ECF No. 148] are DENIED.** But Acuity may re-urge its motion during trial should overlap become apparent.

                                                                    U.S. District Judge Jennifer A. Dorsey
                                                                               Dated: May 21, 2021

---

[20] *See, e.g.*, ECF No. 151 at 5.

5