UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Donald Humes,<br><br>    Plaintiff<br><br>v.<br><br>Acuity, A Mutual Insurance Company,<br><br>    Defendant | Case No.: 2:17-cv-01778-JAD-DJA<br><br>**Order Granting Motion for Leave<br>to File Amended Complaint**<br><br>[ECF No. 194] |

    In 2013, Donald Humes filed a claim with his automobile-insurance company, Acuity, which the insurer denied. So Humes sued the insurer for breach of contract and bad faith in Nevada state court, and Acuity removed the action to this court. The claims were bifurcated, and the contract claim was tried in May 2021. The four-day jury trial ended in a $860,794.06 verdict against Acuity. The bad-faith claim is set for trial later this year. Humes now moves for leave to file an amended complaint, seeking to add claims under Nevada's Unfair Claims Settlement Practices Act, which requires insurance companies to acknowledge, investigate, process, settle, and pay out their insureds' claims in a prompt and fair manner.[1] Acuity opposes the motion, arguing that it's futile and untimely, and that if the court grants it, discovery should be reopened.[2] Good cause appearing, I grant Humes' motion and deny Acuity's request to reopen discovery. Humes's common-law and statutory bad-faith claims may proceed to trial. But first, I refer this case to the magistrate judge for a mandatory settlement conference.

---

[1] ECF No. 194; *see* Nev. Rev. Stat. § 686A.310. I advise the parties to comply with this district's Local Rules in the future. Discrete exhibits must be individually filed, and all "[d]ocuments filed electronically must be filed in a searchable" format. L.R. IA 10-1, IA 10-3, IC 2-2(a)(3).

[2] ECF No. 196.

**Discussion**

Humes moves to amend his complaint to add a claim alleging that Acuity's actions before and during the pendency of this lawsuit amount to unfair claims practices under NRS 686A.310.[3] Federal Rule of Civil Procedure 15 directs federal courts to "freely give leave when justice so requires,"[4] and district courts consider five factors in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment, and (5) whether the party has previously amended its pleading.[5] These factors weigh in Humes's favor, as he has not previously amended his complaint[6] and his proposed new claim is premised in part on information learned during and after trial,[7] which demonstrates a lack of undue delay or bad faith on his part. And because this matter is scheduled for trial regardless of whether Humes is given leave to amend at this point, there is no evident prejudice to Acuity.

Acuity contends that amendment would be futile because Humes's proposed new claim is insufficiently pled and—given that I previously held that the contractual and bad-faith claims were governed by South Dakota law[8]—a claim under Nevada law cannot be appended to this case.[9] But Acuity provides no analysis or authority, binding or persuasive, that would indicate that a court's determination that a contract sued upon is governed by one state's laws controls the

---

[3] ECF No. 194.
[4] Fed. R. Civ. P. 15(a)(2).
[5] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).
[6] Humes first moved for leave to amend his complaint to add an unfair-claims-practices claim in April 2018. See ECF No. 26. The magistrate judge denied that motion without prejudice. ECF No. 35.
[7] *See* ECF No. 45 at 6–9.
[8] ECF No. 97.
[9] ECF No. 196.

choice of law for every extracontractual claim in the case. Under the rule of *dépeçage*, courts determine which state's laws apply to each claim or issue in case, rather than making a blanket decision to cover all claims.[10] Because the Nevada Supreme Court has not spoken on the question whether *dépeçage* should be adopted in this state, I must predict whether it would adopt it if this case were before that court.[11] I find that it would. Although the Nevada Supreme Court's decision in *Northwest Pipe Company v. Eighth Judicial District Court* didn't mention the rule or indicate that the Court was applying it, the Court effectively used it by applying Nevada law to Nevada plaintiffs and California law to California plaintiffs in that wrongful-death suit.[12] In addition, Nevada courts often follow the lead of California courts, and because California applies *dépeçage*,[13] I find it likely that the Nevada Supreme Court would adopt it if given the opportunity.

Even when a contract contains a choice-of-law provision, courts often find that, absent a comprehensive clause that explicitly applies it to all disputes between the contracting parties, not

---

[10] *Dépeçage*, Black's Law Dictionary (11th ed. 2019) ("A court's application of different state laws to different issues in a legal dispute; choice of law on an issue-by-issue basis.").

[11] *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996).

[12] *Nw. Pipe Co. v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 42 P.3d 244, 245–46, 248 (Nev. 2002) (Agosti, J., dissenting) ("[B]ecause two justices dissent to Nevada law being applied to the California plaintiffs' causes of action, and because I and the justice who concurs with me join them in this conclusion, we comprise a majority and California law will be applied to those causes of action. Thus, California law will apply to some but not all the plaintiffs in this action."). In a similar vein, another judge in this district conducted a choice-of-law analysis for the extracontractual claims in a breach-of-insurance-contract case even though the plaintiffs had conceded that Colorado law, and not Nevada law, applied to the contractual claim. *See Vignola v. Gilman*, 854 F. Supp. 2d 883, 886 (D. Nev. 2012).

[13] *See Washington Mut. Bank, FA v. Superior Ct.*, 15 P.3d 1071, 1081 (Cal. 2001) ("[A] separate conflict of laws inquiry must be made with respect to each issue in the case").

every extracontractual claim falls within the provision.[14]  But there is no choice-of-law provision in this case—only my previous determination as to what law controlled the two claims that comprised this action at the time of that order.[15]  Humes sufficiently pleads facts indicating that the unfair-claims practices of which he complains occurred in Nevada—indeed some of them arise out of the jury verdict in his favor in this very courtroom.[16]  I thus see no reason to find that Nevada-law-based claims cannot be added to Humes's complaint.

Acuity also argues that Humes's motion should be denied because it's untimely under NRS 686A.310's three-year statute of limitations.  But to the extent Humes's unfair-claims-practices claim is based on actions the insurer took prior to the initiation of this suit, those claims relate back to the original complaint, which included a claim for common-law bad faith.[17]  And to the extent it's based on Acuity's actions during and after last year's trial, the statute of limitations has not yet run.  So the claim is timely.  I therefore grant Humes's motion and give him leave to amend his complaint.  Humes has ten days to file his amended complaint in the form proposed at exhibit 2 to ECF No. 194.

Finally, Acuity includes a two-sentence request that I reopen discovery so that the insurer may retain an expert to build a defense against the new claim.  But the factual bases for the new claim are primarily the same factual bases undergirding the contractual and common-law bad-faith claims Humes brought in 2017.  Because the only changes that've occurred since discovery closed prior to the first trial are the jury's verdict in that trial and Acuity's refusal to pay, I find

---

[14] *See, e.g.*, *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

[15] *See* ECF No. 97.

[16] *See* ECF No. 194 at ex. 2.

[17] *See* Fed. R. Civ. P. 15(c).

that Acuity has not shown that reopening discovery for the retention of additional expert witnesses is necessary in this case.  So I deny Acuity's request.

## Conclusion

IT IS THEREFORE ORDERED that Humes's motion for leave to amend his complaint **[ECF No. 194] is GRANTED**.  Humes has ten days to file his amended complaint in the form proposed at exhibit 2 to ECF No. 194.

IT IS FURTHER ORDERED that **this case is REFERRED to the magistrate judge for a MANDATORY SETTLEMENT CONFERENCE**.

_____
U.S. District Judge Jennifer A. Dorsey
April 15, 2022