Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Cara Xidis, Esq.
Nevada Bar No.: 11743
H&P LAW
8950 W Tropicana Ave., #1
Las Vegas, NV 89147
702 598 4529 TEL
702 598 3626 FAX
e-file@courtroomproven.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **Donald Humes**, <br><br> Plaintiff, <br><br> vs. <br><br> **Acuity, A Mutual Insurance Company**, a foreign corporation; Does 1 through 10; and Roe Corporations 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:17-cv-01778-JAD-DJA <br><br> **Amended Complaint** |

Plaintiff, Donald Humes, by and through his undersigned counsel at the law firm of H&P Law, and hereby complains and alleges as follows:

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

1. At all times mentioned herein, Plaintiff, Donald Humes ("Plaintiff"), was and is a resident of the State of South Dakota.

2. At the time of the subject crash, Plaintiff was driving a vehicle on the public roads in the State of Nevada, County of Clark.

3. That Plaintiff is informed and believes, and thereon alleges, that Defendant, Acuity, A Mutual Insurance Company ("Acuity" or "Defendant"), at all times

herein mentioned, is a Wisconsin corporation doing business in the States of South Dakota and Nevada.

4. That Plaintiff is informed and believes, and thereon alleges, that Defendant, Acuity, at all times herein mentioned, was licensed as property and casualty insurer by the State of Nevada.

5. That Plaintiff is informed and believes, and thereon alleges, that Defendant, Acuity, at all times herein mentioned, wrote insurance policies in Nevada and collected insurance premiums in Nevada.

6. The true names of Does 1 through 10 and Roe Corporations 1 through 10, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants, designated as Does 1 through 10 and Roe Corporations 1 through 10, are or may be, legally responsible for the events referred to in this action, and caused damages to the Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

7. Roe Corporations 1 through 5 are insurance companies, casualty companies, corporations, or other business entities who wrote or participated in writing Acuity policy number 4885671600 or who participated in the claims processing and/or handling of Plaintiff's claim as herein alleged.

8. Does 1 through 5 are employers of Defendants who may be liable for Defendant's negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so

responsible is liable to the person injured for damages.

9. On April 6, 2013, Plaintiff, Donald Humes, was a driving a vehicle that was traveling northbound on Las Vegas Boulevard in Las Vegas, Nevada. At or about the same time, nonparty, Alan Petty, driving a vehicle owned by Paul Petty, crashed into the rear of the vehicle Donald Humes was in.

10. As a result of the crash, Plaintiff suffered serious bodily injuries to his cervical and lumbar spine.

11. That Plaintiff is treating for his injuries arising from the accident of April 6, 2013, and is in need of multiple spine injections as a result of the accident.

12. As a result of the crash, Plaintiff incurred in excess of $54,000 in medical expenses and was recommended for in excess of $33,000 in future medical procedures.

13. Alan Petty and Paul Petty resolved their claims with Plaintiff for their liability insurance policy limits of $100,000.

14. That prior to April 6, 2013, Plaintiff and AM Development, LLC purchased a policy of automobile insurance from Defendant Acuity, policy number 4885671600, which included uninsured/underinsured motorist coverage applicable to the subject motor vehicle accident, with policy limits of $1,000,000.

15. That prior to April 6, 2013, Plaintiff and AM Development, LLC purchased a policy of automobile insurance from Defendant Acuity, policy number 4885671600, which included medical payments coverage applicable to the subject motor vehicle accident, with policy limits of $5,000.

16. That Plaintiff was and is an insured under the underinsured motorist policy.

17. That on or about October 2, 2015, counsel for the Plaintiff made a time limit demand on Defendant, Acuity, in the amount of $250,000, well within the policy limits.

AMENDED COMPLAINT

18. Plaintiff provided to Acuity all his medical records, bills, and treatment related to the subject crash.
19. Plaintiff provided Acuity executed authorizations for release of information with the names of his treaters both prior to and after the crash for it to obtain any records it deemed necessary.
20. Plaintiff also submitted his medical bills to Acuity for payment under his medical payments coverage.
21. Defendant, Acuity has refused, delayed, and failed to evaluate Plaintiff's claim, and failed to tender any payments owed to Plaintiff under the insurance contract.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

22. Plaintiff repeats and realleges each and every statement set forth in the above Paragraphs as though each were set forth herein verbatim.
23. Plaintiff made claims for his underinsured motorist coverage benefits to Defendant Acuity and Doe/Roe Defendants as a result of the subject collision.
24. Defendant and/or Doe/Roe Defendants failed to reasonably investigate and evaluate Plaintiff's claims, as has failed to tender reasonable payment under Plaintiff's underinsured motorist insurance coverage of the insurance contract.
25. Plaintiff made a claim for his medical payments coverage benefits to Defendant Acuity and Doe/Roe Defendants as a result of the subject collision.
26. Defendant and/or Doe/Roe Defendants failed to pay Plaintiff's medical bills under the medical payments coverage of the insurance contract.

27. Defendant and/or Doe/Roe Defendants' refusal to reasonably evaluate Plaintiff's claim and refusal to make reasonable payment under Plaintiff's underinsured motorist coverage and medical payments coverage was a material breach of the insurance contract.

28. That, as a result of Defendant and/or Doe/Roe Defendants' breach of contract, Plaintiff has incurred compensatory or expectation damages in an amount in excess of $15,000.

29. That, as a result of Defendant and/or Doe/Roe Defendants' breach of contract, Plaintiff has incurred foreseeable consequential and incidental damages in an amount in excess of $15,000.

## SECOND CLAIM FOR RELIEF
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
## (BAD FAITH)

30. Plaintiff repeats and realleges each and every statement set forth in the above Paragraphs as though each were set forth herein verbatim

31. That Nevada law recognizes in every contract a covenant of good faith and fair dealing, which is a promise that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

32. That Defendant and/or Doe/Roe Defendants' breached this covenant of good faith and fair dealing by its refusal to evaluate Plaintiff's claim or reasonably pay Plaintiff Plaintiff's claim, or respond to him in a timely manner, arising from the automobile accident of April 6, 2013, as required under the policy of insurance.

33. That Defendant and/or Doe/Roe Defendants' refusal to evaluate and/or pay Plaintiff's claim was done so in the absence of a reasonable basis for denying such benefits under the policy and was done with Defendant's knowledge and/or reckless disregard of the lack of a reasonable basis for denying the claim.

AMENDED COMPLAINT

34. That, as a result of Defendant and/or Doe/Roe Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has incurred compensatory and expectation damages in amount in excess of $15,000.

35. That Defendant's willful, wanton, malicious, reckless, oppressive, and/or fraudulent breach of the covenant of good faith and fair dealing entitle Plaintiff to punitive damages.

### THIRD CLAIM FOR RELIEF
### UNFAIR CLAIMS PRACTICES

36. Plaintiff repeats and realleges each and every statement set forth in Paragraphs 1 through 35 as though each were set forth herein verbatim.

37. Defendant Acuity, and/or Doe/Roe Defendants, violated the provisions of NRS 686A.310.

38. Defendant Acuity, and/or Doe/Roe Defendants, misrepresented to Plaintiff pertinent facts or insurance policy provisions relating to the coverage at issue, as prohibited by NRS 686A.310(1)(a).

39. Defendant Acuity, and/or Doe/Roe Defendants failed to acknowledge and act reasonably promptly upon communications with respect to Plaintiff's claim arising under his insurance policy, as prohibited by NRS 686A.310(1)(b).

40. Defendant Acuity, and/or Doe/Roe Defendants, failed to adopt and implement reasonable standards for the prompt investigation and processing of claims under the insurance policy, as prohibited by NRS 686A.310(1)(c).

41. Defendant Acuity, and/or Doe/Roe Defendants, failed to effectuate a prompt, fair and equitable settlement of claims in which their liability had become reasonably clear, as prohibited by NRS 686A.310(1)(e).

42. Defendant Acuity, and/or Doe/Roe Defendants, compelled Plaintiff to institute litigation to recover amounts due under the applicable insurance

AMENDED COMPLAINT

policy by offering substantially less than the amounts ultimately recovered in actions brought by the Plaintiff, when the Plaintiff made claims for amounts reasonably similar to the amounts ultimately recovered, as prohibited by NRS 686A.310(1)(f).

43. Defendant Acuity, and/or Doe/Roe Defendants, failed to settle Plaintiff's claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage, as prohibited by NRS 686A.310(1)(l).

44. Defendant Acuity, and/or Doe/Roe Defendants, failed to provide a prompt reasonable explanation to Plaintiff of Defendant's basis in the insurance policy, with respect to the facts of the Plaintiff's claims and the applicable law, for the denial of Plaintiff's claim or for an offer to settle or compromise Plaintiff's claim, as prohibited by NRS 686.A310(1)(n).

45. Pursuant to NRS 686A.310(2), Defendant Acuity, and/or Doe/Roe Defendants, are liable for any damages sustained by Plaintiff as a result of their violation of the above unfair claims practices, including damages for benefits denied under the insurance policy, consequential damages, emotional distress, and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for relief and judgment against Defendants, and each of them, as follows:

1. Compensatory or expectation damages for denied policy benefits;
2. Consequential damages, including emotional distress and attorney's fees, in excess of $15,000;
3. Punitive damages in excess of $15,000;
4. Costs of suit; and,

1  5. Such other and further relief as this Court deems appropriate.

2  DATED this 22nd day of April, 2022.   H&P LAW

*/s/ Marjorie Hauf*
_____
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Cara Xidis, Esq.
Nevada Bar No. 11743

– 8 –

AMENDED COMPLAINT

**Certificate of Service**

I hereby certify that on the 22nd day of April, 2022, service of the foregoing **AMENDED COMPLAINT** was made by required Electronic Service to the following individuals:

Stephen Rogers, Esq.
Marissa Temple, Esq.
Rogers Mastrangelo Carvalho & Mitchell
700 South Third Street
Las Vegas, NV 89101
Fax (702) 384-1460
Attorneys for Defendant

　　　　　　　　　　　　　　　　　　　　*/s/ Cara Xidis*
　　　　　　　　　　　　　　　　　　　An Employee of H&P LAW